STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Application of Wellspring School, Inc. | } | Docket No. 181-8-07 Vtec |
|    (Appeal of Wellspring School, Inc.) | } | |
|    (Cross-Appeal of McCoy) | } | |
| | } | |

Decision and Order on Pending Motions

Appellant-Applicant Wellspring School, Inc. appealed from a decision of the Development Review Board (DRB) of the Town of Chelsea, regarding whether access to the property was required to be by Route 113 rather than by Densmore Road. Appellant is represented by Andrea L. Gallitano, Esq.; Cross-Appellant Alesia McCoy represents herself; the Town is represented by Peter M. Nowlan, Esq. The following eleven other individuals signed a late notice of appeal filed with the Court on October 10, 2007, and have moved to extend the time for that appeal: June K. Leggio, Barbara. J. Connor, Richard J. Connor, Nancy Hatch, Pat Vermette, Peter Vermette, John A. Bellefeuille, David Leggio, Richard L. Wood, Jr., Denise A. Brotherton, and Mark E. LaPlante. (Ms. McCoy also signed the October 10, 2007 filings.)

Procedural History

The procedural history of this matter has created a great deal of confusion; it is outlined here for purposes of clarity in the discussion of the pending motions.

Before it purchased the property, the Wellspring School, Inc. applied for conditional use approval for the construction of a school on a 24-acre parcel of land with the address of 64 Densmore Road. The Chelsea DRB held a hearing on August 2, 2007, and continued its deliberation and voted on August 9, 2007.

The unapproved minutes, which were attached to Appellant School's notice of

1

appeal filed on August 30, 2007, reflect that the DRB voted to deny the application "due to incompleteness." With regard to the conditional use criteria, the DRB stated in the unapproved minutes that it had "no issue" with criteria a, b, d, and e, apparently meaning that a complete application for the project as proposed could be expected to meet those criteria. With respect to criterion c, regarding traffic, the DRB stated in the unapproved minutes that it "has concerns over the use of Densmore Road," but that "if the school is able to use [Route] 113 the board could foresee granting conditional use for the school on this property."

As reflected in the unapproved minutes, the only vote that was taken by the DRB (other than to adjourn) was on a motion "to disapprove the permit due to incompleteness." In the section at the end of the unapproved minutes entitled "permit result," the unapproved minutes state that the "permit is denied due to incompleteness," and, with respect to criterion c, state further that:

> given that all the other points are not an issue, we can not for[e]see a denial of a future application for a conditional use for a school on this property if the access is via Route 113. The Conditional use permit is approved with the condition that access to the property be via Route 113 and not Densmore Road.

Apparently based on this final statement, although no vote is reflected in the unapproved minutes to approve the conditional use permit, on August 9, 2007, the Secretary of the DRB filled out the bottom section of the application for conditional use permit, reserved for the DRB's use, by checking the box for "approved" and stating as a condition: "Access to the property [to] be via Route 113 not Densmore Road."

On August 30, 2007, Appellant School (at that time not represented by counsel) filed its notice of appeal in the present case. Under Rule 5(b)(2) of the Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.), the Statement of Questions therefore became due on September 19, 2007.

On September 9, 2007, Appellant School entered into a purchase and sale agreement

for the purchase of the property, which contained a contingency releasing Appellant School from the agreement should it be unable to obtain the necessary permits from the Town.

On September 13, 2007, Alesia McCoy filed a notice of appeal, signed only by herself, but purportedly on behalf of unnamed "abutters and interested parties" to the subject property, as well as a "motion to extend the time to appeal," arguing that they did not receive the DRB's Findings of Fact and Permit decision until September 7, 2007. Attached to the motion is an unsigned and undated document entitled "Chelsea Development Board Findings of Fact," similar to the unapproved minutes, and referring only to the August 2, and August 9, 2007 hearing dates, but without any documentation of a vote having been taken, and without any reference to the application's being disapproved as incomplete. The final paragraph of this unsigned and undated document is identical to that indented and quoted above.

Appellant School filed its Statement of Questions on September 17, 2007.

On September 20, 2007, the Court ruled in full as follows on Ms. McCoy's motion for an extension of time to take the appeal:

> Unnecessary – an additional appeal or cross-appeal may be filed within fourteen days after the statement of questions is required to be filed, which was September 19, 2007. V.R.E.C.P. 5(b)(2). Please note that the cross-appellants will have to determine whether they have party status under 24 V.S.A. [§]4465(b)(3) or b(4) and should be prepared all to sign the notice of appeal unless they are represented by counsel. The notice of appeal filed September 14, 2007 is only effective as to Ms. McCoy.

Thus, at least as of that entry order, Ms. McCoy and the unnamed additional cross-appellants were on notice that they had fourteen days after September 19, 2007 to file any additional notices of appeal. The last day of that period was October 3, 2007.

On September 28, 2007, Attorney Nowlan entered his appearance on behalf of the Town.

On October 4, 2007, Appellant School moved to dismiss the cross-appeal on the basis that the time for its filing had expired and that Ms. McCoy had failed to complete her filing

3

by paying the required filing fee and filing her Statement of Questions in the allotted time. On October 10, 2007, before the time had expired for responses to the motion to dismiss, Appellant School proceeded with the purchase of the property.

Also on October 10, 2007, Ms. McCoy and eleven other named individuals filed the filing fee for the cross-appeal, filed a new notice of appeal signed by all twelve individuals, and filed a motion to extend the time to appeal, together with a motion to extend the time for their entries of appearance as unrepresented parties, their individual forms entering each person's appearance as an unrepresented party, and their Statement of Questions. The Court staff sent a notice on October 10, 2007, scheduling the initial telephone conference in this matter for October 29, 2007. Attorney Gallitano entered his appearance on behalf of the School on October 23, 2007.

At the October 29, 2007 conference, the Court discussed with the parties the issue of whether a signed decision was ever issued by the DRB, and the difficulty of determining exactly what had been voted on by the DRB. The Court asked Attorney Nowlan to determine the Town's position as to the procedural status of the appeal, discussed a schedule for the filing of any motions and responses.

On November 8, 2007, the DRB requested remand of the decision pursuant to V.R.E.C.P. 5(i) for its reconsideration. The Court gave the parties until November 26, 2007 to file any responses. Appellant School filed its response on November 21, 2007, and also filed its opposition to the October 10, 2007 motions and the new notice of appeal filed by the twelve listed individuals.

Appellant's October 4, 2007 Motion to Dismiss the Cross-Appeal

The cross-appeal filed only by Ms. McCoy on September 13, 2007 was timely. The timely filing of a notice of appeal is the only jurisdictional requirement. V.R.E.C.P. 5(b)(1) (final sentence). As the filing fee was in fact paid and the cross-appeal Statement of Questions was filed (on October 10, 2007), before even the initial conference in this appeal,

4

and only one week after the expiration of the time for filing the notice of appeal itself, it would not be appropriate to dismiss the cross-appeal for failure to file the fee at the time of the September 13, 2007 notice of appeal, or to dismiss the cross-appeal for failure to file the Statement of Questions one week after it was due.

Accordingly, Appellant School's Motion to Dismiss the Cross-Appeal is DENIED.

Motions relating to the Notice of Appeal filed October 10, 2007

As of the Court's entry order issued on September 20, 2007, the parties were on notice that the September 13, 2007 notice of appeal was timely, but was only effective as to Ms. McCoy, that the additional individuals would have to sign any new or additional notice of appeal, and that any such notice of appeal would have to be filed within the time still available under the rules of fourteen days from September 19, 2007, that is, October 3, 2007.

The motion to extend the time for the appeal was not filed before the expiration of that time; rather, it was filed one week later. A request for extension of the time for filing a notice of appeal must show grounds of excusable neglect or other good cause. V.R.A.P. 4(d). The grounds stated in the motion do not amount to excusable neglect or other good cause, based on the explanation given to the parties in the September 20, 2007 entry order; the motion is therefore DENIED. Accordingly, the additional individuals have not filed a timely cross-appeal and may not raise any issues in the appeal other than those raised by Ms. McCoy.

On the other hand, if they have standing as individuals under 24 V.S.A. § 4465(b)(3) or as a group under 24 V.S.A. § 4465(b)(4), they could continue to participate in the appeal as interested parties. Because their individual entries of appearance were filed after the expiration of the time provided in V.R.E.C.P. 5(c), they would have to move to intervene, rather than simply to request an extension of time to file. V.R.E.C.P. 5(c), and see 10 V.S.A. §8504(n). Challenges to party status may be made as provided in V.R.E.C.P. 5(d).

5

<u>Request to Remand</u>

However, any further filings in this matter will be moot. Based on the DRB's request to remand this matter for its reconsideration, and because of the many anomalies in the procedural history of this matter when it was before the DRB, under V.R.E.C.P. 5(i) that request is GRANTED. The matter is HEREBY REMANDED to the DRB, concluding the present appeal. It is preferable for the DRB to have the opportunity to correct any errors in its procedure prior to those errors being addressed by this Court.

The fact that Appellant School purchased the property on the basis of the August 9, 2007 decision does not militate against the remand; it went forward, given the contingency addressing permit approval, at its own risk. As of the date on which Appellant School went forward with the purchase, it had already filed its own appeal, which is <u>de</u> <u>novo</u> with this Court and could have resulted in the vacating and remand of the DRB decision, if the contested condition was found to be beyond the authority of the DRB and if the potential for Route 113 access had not been proposed in the application. Moreover, the September 13, 2007 cross-appeal also had already been filed as of the purchase date.

Please note that any future appeal from any decision by the DRB after remand would require the timely filing of a new notice of appeal, would receive a new docket number at that time, and would be considered for mediation at that time. In the event that either the School or Ms. McCoy finds it necessary to file such an appeal, the Court would consider a request for reduction in or waiver of the filing fee, as the remand was at the request of the DRB.

Done at Berlin, Vermont, this 27th day of November, 2007.

_____
                Merideth Wright
                Environmental Judge

6